IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AZIZULLAH MAHAR,

                Plaintiff,                       CV-03-1783-ST

      v.                                     OPINION AND ORDER

CITY OF PORTLAND,

                Defendant.

STEWART, Magistrate Judge:

## INTRODUCTION

As the prevailing party at trial, defendant has filed a Bill of Costs in the sum of $3,448.70 (docket #127). Plaintiff has filed objections (docket #132) to the Bill of Costs, requesting either that no costs be awarded to defendant or that the costs be limited only to $579.80 for plaintiff's deposition transcript fee and $313.50 for the trial transcript fee. For the reasons set forth below, costs are taxed in favor of defendant in the sum of $2,376.20.

## DISCUSSION

1 - OPINION AND ORDER

I. **Denial of All Costs**

According to FRCP 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." This rule creates a presumption in favor of awarding costs to the prevailing party. *Champion Produce, Inc. v. Ruby Robinson Co.,* 342 F3d 1016, 1022 (9th Cir 2003). Awarding costs to the prevailing party is not penal, but "merely represents the fair price of unsuccessful litigation." *Baez v. U.S. Dep't of Justice,* 684 F2d 999, 1003 (DC Cir 1982). However, a court retains the discretion to allow or disallow costs to a prevailing party based on a variety of factors. *Ass'n of Mexican-Am. Educators v. State of Cal.,*, 231 F3d 572, 592 (9th Cir 2000). Plaintiff urges this court to exercise its discretion to deny costs to defendant based on two of those factors, namely that the issues involved were of substantial public importance and a great economic disparity exists between the parties.

This case involved plaintiff's claim that defendant unlawfully discriminated against him based on his race or national origin by failing to hire him for Recruitment 02-130. Other than the fact that defendant is a public entity, this case was nothing more than an ordinary employment discrimination case. Unlike *Ass'n of Mexican-Am. Educators*, it did not involve "educational quality, interracial disparities in economic opportunity, and access to positions of social influence" or affect tens of thousands of Californians and the state's public school system as a whole. *Id.*

This court may consider whether the losing party has limited financial resources. *Stanley v. Univ. of S. Cal.,* 178 F3d 1069, 1079 (9th Cir), *cert denied*, 528 US 1022 (1999) (stating that indigency is a factor district courts may properly consider when deciding whether to

award costs). However, a court should "require substantial documentation of a true inability to pay." *Chapman v. AI Transport*, 229 F3d 1012, 1039 (11th Cir 2000), *citing McGill v. Faulkner*, 18 F3d 456, 459 (7th Cir), *cert denied*, 513 US 889 (1994) (non-prevailing party offered no documentary support, relying instead on "unsupported, self-serving statements"). Plaintiff offers no evidence as to his current financial situation.

In sum, neither reason proffered by plaintiff justifies disallowing costs to defendant.

## II. Objections to Certain Costs

### A. Court Reporter Fees

Defendant requests costs in the sum of $3,324.90 for court reporter fees. Although plaintiff does not object to the cost of $579.90 for the transcript of his deposition, he objects to paying $1,692.90 for defendant's copies of transcripts of nine depositions which he took of defendant's witnesses (Mark Liebe, Paul Gribbon, Ning Mao, Virgil Adderley, John Houle, Stephanie Reid, David Kliewer, Mark Schackart, and Luci Rithaler).

While 28 USC § 1920(2) allows recovery of court reporter fees for stenographic transcripts, such transcripts must be "necessarily obtained for use in the case." The cost of taking depositions and obtaining deposition copies is properly taxed if introduced into evidence or used at trial for impeachment or cross-examination. *Indep. Iron Works, Inc. v. U. S. Steel Corp.*, 322 F2d 656, 678 (9th Cir), *cert denied*, 375 US 922 (1963). The cost of a deposition not used at trial may be taxed if taking the deposition was reasonable as part of the pretrial preparation of the case, rather than for the convenience of counsel, or if the deposition was required for a dispositive motion. *Id* at 678-79; *see also Principe v. McDonald's Corp.*, 95 FRD 34, 37 (ED Va 1982). In other words, to be taxable, depositions must not be merely for

discovery. *See Murphy v. Amoco Prod. Co.*, 558 F Supp 591, 594 (D ND 1983), *aff'd,* 729 F2d 522 (8th Cir 1984) ("[c]opies of depositions noticed by the prevailing party . . . are more in the nature of an expense than of a taxable cost").

All of the copies for which defendant seeks reimbursement were for transcripts of depositions taken by plaintiff of defendant's current employees, except for Stephanie Reid and Luci Rithaler who were former employees. All of these witnesses testified at trial with the exception of Luci Rithaler. Defendant does not represent, and this court does not recall, if all of the deposition transcripts (with the exception of Luci Rithaler) were used at trial for impeachment or cross-examination. Some were certainly used for that purpose. But even if a witness was not questioned about his or her prior deposition testimony, it was nonetheless reasonable for defendant to obtain the deposition transcripts as part of trial preparation. "[The possibility that the deposition would be used to impeach the party created a reasonable necessity for his purchase of a copy in order to hold the impeachment within proper limits." *Indep. Iron Works, Inc.*, 322 F2d at 679. Thus, the cost for copies of deposition transcripts for witnesses who testified at trial are recoverable.

Although Luci Rithaler did not testify at trial, defendant submitted an excerpt of her deposition in support of its motion for summary judgment. Plaintiff objects to paying the entire cost for a copy of her transcript since defendant only used part of it. However, in order to use an excerpt from the deposition, it was entirely reasonable for defendant to order the entire transcript. Plaintiff also objects to paying $739.00 for a transcript of the pretrial conference. Defendant does not explain, and this court can conceive of no reason, why this transcript was necessarily obtained for use in the case. In addition, although plaintiff has not objected to it, the

$313.50 cost of the transcript of the opening statements and cross-examination of plaintiff was not necessarily obtained for use in the case. Because it appears that both of these transcripts were obtained merely for the convenience of counsel, their costs are not recoverable.

Therefore, plaintiff's objections to the court reporter fees are granted in the sum of $1,052.50 ($739.00 + $313.50), reducing the total recoverable amount to $2,272.40 ($3,324.90 - $1.052.50).

### B. Witness Fees

As witness fees, defendant seeks $80.00 paid to subpoena the plaintiff's personnel records from two other employers. Plaintiff argues that these costs are not recoverable because they may have been incurred to obtain documents for the convenience of defendant's attorneys, as opposed to legitimate discovery.

Plaintiff's argument is premised on the applicable law regarding copying costs. Copying costs for documents produced in discovery, submitted to the court for consideration of motions, and used as exhibits at trial are recoverable. *See Lee v. Walters*, 2002 WL 31972186, *1 (D Or, Dec 23, 2002), *citing Fressell v. AT&T Tech., Inc.*, 103 FRD 111, 115-116 (ND Ga 1984). However, recoverable copying costs do not include extra copies of filed papers, correspondence, and copies of cases since these are prepared for the convenience of the attorneys. *Id*.

Here, in contrast, defendant seeks recovery of witness fees "paid to witnesses to produce documents during discovery." Affidavit of David A. Landrum, ¶ 4. Subpoena fees are witness fees, not copying costs and, in any event, the documents were produced in response to discovery requests, not simply for the convenience of counsel. Therefore, the $80.00 for witness fees is recoverable.

### C. Fees for Copies

Plaintiff also objects to the $23.80 copying costs because defendant fails to state whether (or, if so, which parts of) the documents copied were produced to plaintiff in discovery, submitted to the court for consideration of motions, or used as exhibits at trial. However, defendant specifically seeks recovery of copy costs only "for documents produced in discovery." *Id* at ¶ 5. The two invoices submitted support this purpose. One invoice from a copying service lists the "Bates #s" of documents copied, and the second invoice from the EEOC responds to a request for documents from its files. Therefore, the $23.80 copying cost is recoverable.

## ORDER

For the reasons set forth above, plaintiff's Objections to Defendant's Bill of Costs (docket #132) is GRANTED IN PART and DENIED IN PART, and costs are taxed in the reduced sum of $2,376.20.

DATED this 1st day of February, 2006.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge